The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

MELISSA GODSEY,

    Plaintiff,

v.

KATHLEEN HAWK SAWYER, in her official capacity as Director of the Federal Bureau of Prisons, NICOLE C. ENGLISH, in her official capacity as Assistant Director of the Health Services Division of the Federal Bureau of Prisons,

    Defendants.

Case No. 2:19-cv-01498

**PLAINTIFF'S MOTION FOR FEES AND COSTS**

NOTE ON MOTION CALENDAR:
JANUARY 3, 2020

## I. INTRODUCTION

Plaintiff Melissa Godsey brought suit against Defendants, Dr. Kathleen Sawyer, Acting Director of the Federal Bureau of Prisons ("BOP") and Dr. Nicole C. English, Assistant Director of the Health Services Division of the BOP (collectively, "Defendants") challenging BOP's policies and practice of denying medication-assisted treatment ("MAT") to people incarcerated in BOP facilities. Plaintiff alleged that BOP policies constituted (1) deliberate indifference to serious medical need in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and (2) unlawful discrimination against Plaintiff on the basis of disability and denial of reasonable accommodations in violation of the Rehabilitation Act. Complaint, ¶¶ 88-98 (Dkt. No. 1).

As a result of her lawsuit and the settlement agreement with Defendants, BOP will be departing from their written policies and practices of not providing MAT for treatment of opioid use disorder, and will be providing Ms. Godsey with her prescribed medications. Accordingly, Ms. Godsey now seeks attorney's fees and costs under the Rehabilitation Act, 29 U.S.C. § 794a.

## II. Facts

Ms. Godsey suffers from opioid use disorder and has struggled with addiction since she was 21 years old. Emergency Motion for Temporary Restraining Order and Preliminary Injunction at 6 (Dkt. No. 2) ("TRO Motion"). On June 14, 2018, she started a Suboxone program and inpatient treatment. *Id*. Under treatment with Suboxone, Ms. Godsey has now been in active recovery for eighteen months. Her treating physician's medical opinion is that Suboxone treatment is medically necessary to treat Ms. Godsey's OUD. *Id*. at 7.

Although the BOP permits the use of methadone for pain management, as a matter of policy and practice the BOP does not provide methadone or buprenorphine to non-pregnant

PLAINTIFF'S MOTION FOR
FEES AND COSTS
CASE NO. 2:19-CV-01498 - 1

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE WA, 98111
(206) 624-2184

inmates who suffer from OUD for treatment, even those who have been successfully prescribed these medications before their incarceration and are in active recovery. TRO Motion at 7 (citing Federal Bureau of Prisons, *Program Statement: Pharmacy Services*, *No. P6360.01*, at 37 (Jan 15, 2005), http://www.bop.gov/policy/progstat/6360_001.pdf[1]; Federal Bureau of Prisons Health Services, *National Formulary Part I*, at 15 (Winter 2018), https://www.bop.gov/resources/pdfs/national_formulary-part_I-2018.pdf.[2] The BOP's Pharmacy Services Program Statement and National Formulary, which apply to and bind all BOP institutions, mandate that "inmates will not be maintained on methadone with the exception of pregnant inmates," and that buprenorphine will "NOT" be approved for "maintenance therapy." *Id*. There are no exceptions to this policy.

On August 16, 2019, Ms. Godsey's counsel sent a letter to Defendants informing them of her serious medical need and requesting assurance that Ms. Godsey would be provided with her physician-prescribed dose of Suboxone while in their custody. *See* Complaint ¶ 84. On August 30, 2019, counsel for the BOP sent Ms. Godsey's counsel a letter stating that Ms. Godsey would be given an individualized assessment of her general medical needs and would be given treatment of some kind. *Id*. ¶ 85. The letter also requested copies of Ms. Godsey's medical records, and directed all questions to Dr. James K. Pelton, BOP Regional Medical Director. *Id*. Counsel for Ms. Godsey called Dr. Pelton and though he stated that efforts were being made to provide Ms. Godsey with Suboxone during her incarceration, when asked to confirm this in writing, he directed counsel to George Cho, an attorney with the BOP. *Id*.

---

[1] The Program Statement states on page 37 that there are "only three approved uses for methadone within BOP institutions," which are "Treatment of opiate addicted pregnant inmates; Detoxification of opiate addicted inmates; and Treatment of severe pain."

[2] The National Formulary states on page 15 that buprenorphine (Subutex, Suboxone) "[w]ill only be approved for detoxification, NOT for pain or maintenance therapy."

PLAINTIFF'S MOTION FOR
FEES AND COSTS
CASE NO. 2:19-CV-01498 - 2

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE WA, 98111
(206) 624-2184

Counsel for Ms. Godsey sent Mr. Cho and Timothy Rodrigues, Supervisory Attorney and Senior Attorney with the BOP, an email on September 9, 2019, reiterating the request in the August 16, 2019 letter for confirmation that Ms. Godsey would receive Suboxone during her incarceration. *Id*. ¶ 86. Mr. Rodrigues did not provide such confirmation in his email response, and only reiterated that Ms. Godsey would be given an individualized assessment of her medical needs upon arriving at the BOP facility. *Id*.

On September 10, 2019, Ms. Godsey's criminal defense counsel filed a motion in her criminal case to extend her self-report date to give the parties more time to come to a resolution without resorting to litigation. *See* Midgley Decl. Ex. E . On September 17, 2019, the government filed an opposition to Ms. Godsey's motion to extend her self-report date in her criminal case. *See* Midgley Decl. Ex. F.

Counsel for the BOP would not confirm that Ms. Godsey's treatment would be continued, nor would they state that Defendants could or would deviate from their mandatory blanket prohibition of Suboxone maintenance treatment for inmates. Furthermore, the government opposed extending Ms. Godsey's self-report date to allow for more time to resolve the issue.

Accordingly, Ms. Godsey filed suit on September 18, 2019, and on September 19, 2019, filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (Dkt. No. 2). Ms. Godsey was scheduled to self-report to a BOP facility to begin a two year and one day sentence on September 30, 2019, and the TRO Motion sought emergency injunctive relief to allow her to continue on her prescribed medication while in BOP custody. On September 23, 2019, Ms. Godsey's voluntary surrender date was postponed to January 28, 2020.

PLAINTIFF'S MOTION FOR
FEES AND COSTS
CASE NO. 2:19-CV-01498 - 3

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE WA, 98111
(206) 624-2184

On the same day, after Ms. Godsey's voluntary surrender date was postponed, counsel for Ms. Godsey filed a Withdrawal of Request for Temporary Restraining Order, and renoted the Motion for Preliminary Injunction (Dkt. No. 12). The Parties began settlement negotiations, and Plaintiff extended the noting date of the Motion for Preliminary Injunction on three more occasions to allow for settlement negotiations to continue. *See* Dkt Nos. 15, 16, 17.

The parties reached a settlement in principle on November 6, 2019, and finalized a settlement agreement on November 26, 2019. The settlement states that BOP's medical staff have determined that Ms. Godsey "is a medically appropriate and reasonable candidate for medication assisted treatment using Suboxone for her opioid use disorder," and, barring any significant changes in her medical condition, that the BOP will provide her with her Suboxone medication while in BOP's custody. Settlement Agreement at 2 (Dkt. No. 21, Ex. 1).

The settlement agreement specifically states that it did not cover costs and fees. *See Id*. ¶11. On December 3, 2019, this Court entered the Parties' proposed order dismissing the case without prejudice and retaining jurisdiction to resolve disputes arising under the settlement agreement. (Dkt. No. 22). That Order, as proposed jointly by the parties, specifically states, as pertinent here, that it was entered "without prejudice to…the rights of Plaintiff's counsel to seek the payment of fees and costs." *Id*. at ¶ 2.

### III.   ARGUMENT

The Rehabilitation Act provides the Court with discretion to award attorney's fees and costs to the "prevailing party," other than the United States, in any action or proceeding to enforce the Rehabilitation Act. 29 U.S.C. § 794a. Plaintiff is a prevailing party, as she gained all the relief she sought through a settlement agreement that is enforceable by this Court.

PLAINTIFF'S MOTION FOR
FEES AND COSTS
CASE NO. 2:19-CV-01498 - 4

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE WA, 98111
(206) 624-2184

In determining fee awards under the Rehabilitation Act, courts follow the familiar "lodestar" method. *Hall v. Bolger*, 768 F.2d 1148, 1150-51 (9th Cir. 1985); *Snell v. N. Thurston Sch. Dist.*, No. C13-5786 RBL, 2015 WL 8621913, at *2 (W.D. Wash. Dec. 14, 2015). The lodestar is calculated by taking the number of hours reasonably expended by counsel and multiplying it be the reasonable hourly rate. *Id*.

Attached to this motion is the Declaration of John Midgely explaining the calculation of the ACLU's fees in the amount of $40,872 and costs in the amount of $2,060.57. The Declaration of Bart Freedman is attached, detailing the calculation of attorneys' fees in the amount of $18,659 incurred by the law firm K&L Gates in the proceedings for the case at bar. Based on the Declarations of counsel, Plaintiff requests fees in the amount of $59,531 and costs in the amount of $2,060.57.

The amount of time counsel spent on the litigation was reasonable. Plaintiff made every effort to avoid litigation and to work with Defendants' counsel prior to filing her lawsuit. Given her impending self-report date and the government's initial opposition to extending her self-report date, Plaintiff necessarily filed an emergency motion for injunctive relief to prevent irreparable harm to her. It was only after this lawsuit and the motion for emergency injunctive relief were filed that Defendants were willing to commit to making an exception to their policy prohibiting MAT for treatment purposes. Therefore, as the prevailing party, Plaintiff is entitled to fees and costs for her counsel's efforts in this litigation, up to the point of settlement.

///

///

///

PLAINTIFF'S MOTION FOR
FEES AND COSTS
CASE NO. 2:19-CV-01498 - 5

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE WA, 98111
(206) 624-2184

## IV.     IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court award fees and costs in the amount of $61,591.57, as requested.

DATED this 17th day of December 2019.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION

By: */s/Lisa Nowlin*
    Lisa Nowlin, WSBA No. 51512
    John Midgley, WSBA No. 6511
    Mark Cooke, WSBA No. 40155
    ACLU of Washington Foundation
    P.O. Box 2728
    Seattle, WA 98111
    (206) 624-2184
    lnowlin@aclu-wa.org
    jmidgley@aclu-wa.org
    mcooke@aclu-wa.org

K&L GATES LLP
By: *s/Bart Freedman*
    Bart Freedman, WSBA #14187
    Christina A. Elles, WSBA #51594
    925 4th Avenue #2900
    Seattle, WA 98104
    (206) 623-7580
    bart.freedman@klgates.com
    christina.elles@klgates.com
    *Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR
FEES AND COSTS
CASE NO. 2:19-CV-01498 - 6

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE WA, 98111
(206) 624-2184

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2019, a copy of the foregoing Plaintiff's Motion for Fees and Costs was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record named below.

>Michelle R. Lambert, NYS #4666657
>Assistant United States Attorney
>United States Attorney's Office
>1201 Pacific Avenue, Suite 700
>Tacoma, WA 98402
>Phone: 253-428-3824
>Fax: 253-428-3826
>E-mail: michelle.lambert@usdoj.gov

DATED this 17th day of December, 2019.

>By: *s/ Lori Moltz*
>Lori Moltz
>Practice Specialist
>K&L Gates LLP
>925 4th Avenue #2900
>Seattle, WA  98104
>Telephone:  (206) 623-7580
>Lori.Moltz@klgates.com

PLAINTIFF'S MOTION FOR
FEES AND COSTS
CASE NO. 2:19-CV-01498 - 7

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE WA, 98111
(206) 624-2184