UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA GODSEY,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN HAWK SAWYER, et al.,<br><br>Defendants. | CASE NO. C19-1498 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR FEES AND COSTS |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Fees and Costs. Dkt. #23. Plaintiff's Motion follows the Court's prior Order Granting Joint Motion to Dismiss which specifically permitted Plaintiff to "seek the payment of fees and costs." Dkt. #22. Plaintiff now requests an award of attorneys' fees in the amount of $59,531 and costs in the amount of $2,060.57. Dkt. #23 at 6.[1] Defendants oppose the request on the basis that Plaintiff is not a "prevailing party" and on the basis that the request is excessive. Dkt. #35. On reply, Plaintiff argued that the fees were appropriate and reasonable. Dkt. #39. Having reviewed the briefing and the remainder of the record, the Court orders as follows.

---

[1] Throughout, the Court cites to the docket and page numbers applied by the Court's CM/ECF system. Where appropriate, the Court cites to numbered paragraphs or page and line numbers.

ORDER – 1

## II. BACKGROUND

Plaintiff previously pleaded guilty to three counts of bank fraud, two counts of aggravated identity theft, and one count of possession of stolen mail. *See United States v. Godsey*, Case No. 18-cr-115-RAJ, Dkt. #43 (W.D. Wash. June 28, 2019). She was sentenced, on June 28, 2019, to serve two years and one day. *Id.* As is all too common, Plaintiff's crimes were partially the result of opioid use disorder and addiction. Dkt. #23 at 2. Fortunately, Plaintiff was amenable to treatment and entered an inpatient treatment program, including Suboxone treatment, shortly after her criminal indictment in mid-2018. *Id.* The Suboxone treatment proved beneficial and made Plaintiff's recovery possible. *Id.* As a result, the sentencing judge recommended that the Federal Bureau of Prisons ("BOP") continue her on Medically Assisted Treatment ("MAT") during her incarceration. *See Godsey*, Case No. 18-cr-115-RAJ, Dkt. #43 at 2. Likewise, Plaintiff attempted to confirm with BOP that she would be permitted to continue MAT during her incarceration, as recommended by her medical providers. Dkt. #23 at 2.

With the date for her to self-report and serve her sentence approaching, and without a clear answer from BOP, Plaintiff sought emergency relief from this Court. Dkt. #1; Dkt. #2. After Plaintiff's self-report deadline was extended, she notified the Court that emergency relief was no longer necessary but continued to seek a resolution of the matter. Dkt. #12. However, the parties were ultimately able to resolve the matter and filed a Joint Motion to Dismiss on November 27, 2019. Dkt. #20. The parties presented the Court with a copy of their Settlement Agreement (Dkt. #21 at 4–10) and, as requested by the parties, the Court retained jurisdiction over the claims to "resolve any disputes that may arise under the Settlement Agreement." Dkt. #22.

//

//

ORDER – 2

## III.   DISCUSSION

### A. Legal Standard

"Numerous federal statutes allow courts to award attorney's fees and costs to the 'prevailing party.'" *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001). In so doing, "Congress employed the term 'prevailing party,' [as] a legal term of art." *Id.* at 603 (citing BLACK'S LEGAL DICTIONARY 1145 (7th ed. 1999)). Accordingly, courts attempt to interpret the term consistently across statutes. *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"); *Buckhannon*, 532 U.S. at 603 n.4 (2001) (noting that "[w]e have interpreted these fee-shifting provisions consistently" and citing *Hensley*). Here, Plaintiff seeks attorneys' fees under the Rehabilitation Act. *See* 29 U.S.C. § 794a(b) ("In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.").

The initial disagreement between the parties is whether Plaintiff is properly considered a prevailing party. Generally, a party must achieve a "material alteration of the legal relationship of the parties" and the alteration must be "judicially sanctioned" for the party to be considered "prevailing." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon*, 532 U.S. at 604–05). Conversely, where a lawsuit simply prompts a party's voluntary change, the alteration of the legal relationship "lacks the necessary judicial *imprimatur*." *Id.* (quoting *Buckhannon,* 532 U.S. at 605) (emphasis in original).

Here, Plaintiff notably fails to cite to any legal materials supporting her argument that she is a prevailing party. In fact, Plaintiff's entire legal argument appears to be that "Plaintiff is a prevailing party, as she gained all the relief she sought through a settlement agreement that is

ORDER – 3

enforceable by this Court." Dkt. #23 at 5. Similarly, Plaintiff's reply does not point to legal authorities supporting her position, relying instead on factual arguments, for why she should be considered a prevailing party under the Rehabilitation Act. Dkt. #39 at 2–5. Plaintiff has not carried her burden.

Even on a factual basis, Plaintiff does not establish a material change in the parties' legal relationship or even in BOP's position. Plaintiff points to contemporaneous BOP policies that she believes precluded Suboxone treatment prior to her request and notes that those policies have since been revised. Dkt. #23 at 2–3. But Plaintiff does not establish that BOP ever asserted that it could not accommodate Plaintiffs request because of these policies. Rather, BOP indicated to Plaintiff, just prior to her filing suit, that once Plaintiff reported to a BOP facility, "health care staff will evaluate [Plaintiff] and develop an individualized treatment plan specific to her medical and mental health needs." Dkt. #1-2 at 10. After being provided the opportunity to consider Plaintiff's health in advance of her arrival at a BOP facility, BOP was in a position to settle, explaining that medical staff have now "provided Plaintiff with a letter stating that she is a medically appropriate and reasonable candidate for medication assisted treatment using Suboxone for her opioid use disorder'" and that BOP would provide her Suboxone treatment during her incarceration, absent a change in her medical condition. Dkt. #21 at 5. Plaintiff does not establish a change in the legal relationship other than that she was voluntarily afforded the relief she desired.[2]

---

[2] Plaintiff vaguely argues that she was responsible for changes to national BOP policies. But this loses sight of the fact that Plaintiff's lawsuit was not initiated, as she claims, to "challeng[e] BOP's policies and practice of denying [MAT] to people incarcerated in BOP facilities." Dkt. #23 at 1. Plaintiff sought, first and foremost, "injunctive relief ordering Defendants to provide [Plaintiff] with access to MAT, including the Suboxone dosage prescribed by her physician, during the entirety of her sentence and incarceration." Dkt. #1 at 23. This is relief Plaintiff was ultimately afforded voluntarily.

ORDER – 4

Still further, Plaintiff fails to establish that any alteration in the legal relationship of the parties was judicially sanctioned, precluding a finding that Plaintiff is a prevailing party. At best, Plaintiff points out that the Court granted the parties' request to retain jurisdiction over any breach of the parties' Settlement Agreement. But the Court's post-settlement discretionary decision to retain jurisdiction to resolve "any disputes that may arise under the Settlement Agreement" surely does not touch the merits of Plaintiff's action or the propriety of the parties' Agreement. The Court further concludes that there was insufficient judicial imprimatur for Plaintiff to be considered a prevailing party.

## IV.   CONCLUSION

Having reviewed Plaintiff's Motion, the briefing, the supporting declarations and exhibits, and the remainder of the record, the Court ORDERS that Plaintiff's Motion for Fees and Costs (Dkt. #23) is DENIED.

Dated this 7th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5